UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**Ted Houy**  **Plaintiff**

v.  No. 4:20-cv-184-BJB-HBB

**Jeremy S. Logsdon**  **Defendant**

## Opinion and Order

Plaintiff Ted Houy allegedly entered into an oral agreement that allowed him to store personal property in a building owned by Charles Edwards. Complaint (DN 1) ¶ 9. Sometime in 2019, according to the complaint, Houy and Edwards had a falling out: Edwards wants Houy's property out of Edwards' building, while Houy accuses Edwards of trying to take the property for himself. ¶¶ 10–14. But this case does not concern that property directly; it's a dispute about the dispute. Houy isn't even suing Edwards. He's suing Jeremy Logsdon, the Grayson County Attorney and the lawyer Edwards allegedly retained to represent him after his relationship with Houy soured. ¶ 11.

Why Logsdon? Because a demand letter on his Grayson County Attorney letterhead said that Edwards would treat Houy's property as his own unless Houy removed it within 30 days. ¶ 14; Logsdon Letter (DN 11-5) at 1 ("Mr. Edwards shall be within his rights to declare the equipment/property abandoned and will deal with the property as his own."). This letter, Houy claims, "sought to deprive [Houy] of his personal property … without due process of law … in violation of the Fourteenth and Fifth Amendments." ¶ 15. So Houy sued Logsdon in federal court alleging violation of his constitutional rights under color of state law in violation of 42 U.S.C. § 1983. ¶¶ 13–17. Houy also asserted various claims for official misconduct under Kentucky law. ¶¶ 18–23.

Logsdon filed the motion to dismiss (DN 6) now pending before this Court. He argues that no one has actually deprived Houy of any property, and that the mere threat of losing property doesn't support a due process claim. Motion to Dismiss (6-1) at 7–8. Even if Houy had alleged actual deprivation, Logsdon contends, the § 1983 claim should also fail because Houy never alleged that state-law procedures following any deprivation were inadequate to address any loss suffered by Houy—another essential element of a due process claim. *Id.* at 8–10 (citing *Sutton v. Cleveland Bd. of Educ.*, 958 F.3d 1339, 1349 (6th Cir. 1992)).

Houy filed a motion to amend his complaint and a response to Logsdon's motion to dismiss, candidly acknowledging these deficiencies regarding his federal claim: "If Plaintiff's Motion to Amend is denied, then it would appear that Plaintiff's Complaint should be dismissed under the authorities cited by the Defendant." Response to Motion to Dismiss (DN 12) at 1; *see also* Motion for Leave to Amend (DN 11). Logsdon opposes Houy's request to amend on the ground that it still wouldn't save Houy's federal claim. *See* Response to Motion to Amend (DN 14) at 5–9. These papers pay scant attention to the state-law claims accompanying the due-process

allegation. But they do explain that parallel eviction proceedings are underway in state court. *See id.* at 3, 6–7; Proposed First Amended Complaint (FAC) (DN 11-3) at ¶ 16.

After holding a hearing on these motions, the Court grants Logsdon's motion to dismiss because Houy has not alleged any actual deprivation of his property. The Court also denies Houy's motion for leave to amend because the proposed first amended complaint would not save his federal claim.

## Standards of Review

**Motion to dismiss.** To survive a motion to dismiss, a claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In other words, the claim must contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2010) (internal quotation marks omitted). Courts must accept these factual allegations as true, but needn't accept a plaintiff's mere legal conclusions. *Iqbal,* 556 U.S. at 678.

**Leave to amend.** Courts "should freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]mplicit in Rule 15(a) is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (alterations adopted) (quoting *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002)). Though "commonly granted, a motion to amend should nevertheless 'be denied if the amendment would be futile.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun*, 871 F.3d at 469 (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)).

## Discussion

Because Houy acknowledges that his original complaint wouldn't survive a motion to dismiss, *see* Response to Motion to Dismiss at 1, the Court focuses its analysis on whether the proposed amended complaint would save Houy's clams from dismissal. *See West v. Dep't of Veterans Affs.*, No. 3:19-cv-911, 2021 WL 1294786, at *1 (W.D. Ky. April 7, 2021) ("[I]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (alterations adopted) (quoting *Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018)); *see also* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (same). The proposed amended complaint, however, suffers from most of the same dispositive deficiencies.

**Federal claims.** "In a procedural-due-process claim, the deprivation of property by state action is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest

without due process of law." *Kaminski v. Coulter*, 865 F.3d 339, 347 (6th Cir. 2017) (quotation marks omitted). "In order to determine whether a due-process violation has occurred, we must first ask whether the plaintif[f] w[as] deprived of a constitutionally protected property right." *Id.* If so, courts "must then ask if the process provided was constitutionally adequate." *Id*.

Houy hasn't alleged that anyone has already actually deprived him of the property he says he stored in Edwards' building. Houy's allegations in the proposed amended complaint clearly fall short of alleging an actual deprivation of property:

> [Houy] has no reason to believe that Edwards has not taken Logsdon at his word in the … letter and is now treating all of [Houy]'s personal property in the building as his own. While Edwards has commenced an eviction proceeding in State Court seeking to evict [Houy] from the building, Edwards has NOT given any indication to [Houy] that Edwards does NOT regard [Houy]'s personal property in the building as now belonging to Edwards ….

FAC ¶ 16. The curious double-negative is our first indication that something is amiss: Houy doesn't allege that Edwards actually took the property, but instead says that Houy can't say Edwards *hasn't* taken the property. This inverts normal pleading conventions in a way that would require defendants, rather than plaintiffs, to state in the first instance whether they have a good-faith belief that a legal violation has occurred. By raising only "the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). And as a purely factual matter, Houy's assumption seems dubious. It's hardly clear why Edwards would initiate eviction proceedings against Houy if Edwards had already taken ownership of Houy's possessions.

Nor does Houy say anything about whether state-law post-deprivation remedies could adequately address any loss suffered by Houy. *See Kaminski*, 865 F.3d at 347. Houy's mere suspicion that Edwards has taken his property for his own; Houy's attempt to ascribe the blame for that supposed taking to Edwards' lawyer; Houy's failure to address any applicable post-deprivation recourse—all of these problems doom his federal due process claim. *See, e.g., id.* (no due process claim absent "deprivation of a constitutionally protected property right" and lack of a "constitutionally adequate" post-deprivation remedy).[1] Because Houy has not alleged facts that support a viable legal theory, the Court must dismiss his § 1983 claim. *See Phila. Indem. Ins.*, 732 F.3d at 649.

**State-law claims.** Logsdon's papers do not specifically address the adequacy or plausibility of Houy's pleadings with respect to his state-law abuse-of-power claims, other than to

---

[1] Houy states that no adequate remedy to recover his property exists under Kentucky law. *See* FAC ¶ 17 ("There exists no clearly available remedy under Kentucky state law to address Logsdon's actions …."). But Logsdon says a post-eviction process is available. *See* Response to Motion to Amend at 6–7 ("If the district court grants an eviction, the tenant is permitted a period of days to remove his personal belongings from the premises."). Neither side grounds their positions in caselaw, and the Court declines to wade into this area of state law. Suffice to say that Houy has not plausibly explained why he lacks any state-law recourse to address his potential property loss. This omission, unaddressed in his proposed amended complaint, provides an alternative basis for dismissal.

assert immunity with respect to each of Houy's claims. *See* Motion to Dismiss at 10–11. And Logsdon's response to Houy's motion to amend doesn't address the state-law claims at all.

Regardless, this Court need not address those claims, which are more appropriate for state-court proceedings. "[D]istrict courts may decline to exercise supplemental jurisdiction over a [state-law] claim" if "the district court has dismissed all claims over which it has original jurisdiction …." 28 U.S.C. § 1367(c); *see also Perry v. Boll Weevil Eradication Found.*, 154 F. App'x 467, 478 (6th Cir. 2005) ("once the district court dismisse[s] the core federal claims from the case, it [is] appropriate for it to dismiss, without prejudice, the state claims, so that the plaintiffs may pursue these claims in a more appropriate forum").

Here, the County Attorney's role and actions are inherently rooted in state law. Houy's remaining claims are as well. And Houy ascribes a $30,000 valuation to the property at issue. FAC ¶ 20. Certainly this is not one of those circumstances "where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

## Conclusion

The Court grants Logsdon's motion to dismiss the federal claim with prejudice (DN 6); declines to exercise supplemental jurisdiction over the state-law claims and therefore grants the motion to dismiss those claims without prejudice, s*ee Perry*, 154 F. App'x at 478; and denies Houy's motion for leave to file an amended complaint (DN 11).

Benjamin Beaton, District Judge
United States District Court

July 23, 2021